# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| Plaintiff, | ) |
| v. | ) No. 09 C 4926 |
| **ANTHONY C. MORDI,** | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

In July of 2006, a jury convicted Anthony Mordi for his role in a conspiracy to smuggle drugs from Nigeria to the United States. Mordi is now serving a 188 month prison sentence and moves to vacate, set aside, or correct that sentence pursuant to 28 U.S.C. § 2255. His motion is denied for the following reasons.

Three of the four grounds Mordi asserts for relief are based on what Mordi characterizes as "newly discovered evidence" that the government's key witness, Godwin Ogundipe (a codefendant who cooperated with the government after pleading guilty shortly before trial was scheduled to begin) was not credible: Ogundipe's failure to surrender himself as promised to the Bureau of Prisons following Mordi's conviction. Mordi argues that Ogundipe's failure to self-report for his sentence, despite his assurances before Mordi's jury that he would do so, proves that Ogundipe was a "professional liar" whose testimony was "an elaborate choreographed set of lies." On

this basis, Mordi seeks to disregard the whole of Ogundipe's trial testimony and argues that the remaining evidence is insufficient to sustain his conviction (claim one) or to support the enhancements applied in calculating his sentence (claims two and three). Mordi also contends, in a fourth claim for relief, that his trial counsel was ineffective for failing to hire an independent translator to review transcripts of audio tapes the government offered into evidence, and for failing to present an alternative perpetrator defense.[1]

The government argues that Mordi's first three claims are procedurally defaulted because Mordi could have raised them, but did not, in the direct appeal of his conviction and sentence. Mordi does not dispute that Ogundipe failed to self-report to the Bureau of Prisons on January 8, 2007; that a warrant was issued for Ogundipe's arrest on January 12, 2007, but that Ogundipe had apparently fled the country and was not taken into custody[2]; and that by the time of Mordi's sentencing on February 22, 2007, Mordi

---

[1] Mordi summarizes his ineffective assistance of counsel claim as asserting that his attorney was "induced to ineffectiveness by the prolonged delay in providing discovery," resulting in an unfair trial. The substance of Mordi's argument, however, focuses on his attorney's failure to hire an independent translator and failure to raise an alternative perpetrator defense. Therefore, I assume that these are the aspects of his counsel's performance that Mordi claims were constitutionally deficient.

[2] It appears that Ogundipe was ultimately arrested and taken into custody on October 16, 2009, pursuant to the January 12, 2007, warrant. No. 05 CR 511-3 (Docket No. 215).

was aware that Ogundipe had not self-reported to the Bureau of Prisons. Nevertheless, Mordi's direct appeal, filed in March of 2007, raised only two issues, neither of which related to the impact of Ogundipe's flight on his credibility at trial. Mordi insists, however, that his claims relating to Ogundipe's credibility were not yet ripe at the time of his direct appeal. Mordi speculates that the government would have argued at that time that Ogundipe had merely gotten "cold feet" and might still turn himself in. In other words, Ogundipe's promise to self-report had not yet been revealed as a lie, so Mordi had no basis at that time for attacking Ogundipe's credibility.

Mordi's argument is not persuasive. It is plain that Mordi had sufficient evidence to raise his first three claims on direct appeal but did not do so. Accordingly, he is barred from raising them now, unless he can show cause and prejudice.[3] *See Norris v. U.S.*, 687 F.2d 899, 900 (7th Cir. 1982) (challenge to credibility of trial witness not raised on direct appeal could not, absent cause and prejudice, be raised in § 2255 motion).

In reply, Mordi argues that ineffective assistance of counsel excuses his failure to raise the first three claims on direct appeal. While it is true that "[a]ttorney error that constitutes ineffective assistance of counsel is cause to set aside a

---

[3]The "fundamental miscarriage of justice" basis for overlooking procedural default is not at issue here.

procedural default," *Smith v. Gaetz*, 565 F.3d 346, 352 (7th Cir. 2009) (quoting *Franklin v. Gilmore*, 188 F.3d 877, 883 (7th Cir. 999), Mordi falls far short of meeting the stringent test of *Strickland v. Washington*, 466 U.S. 668 (1984), which he must do to excuse his procedural default. *Franklin*, 188 F.3d at 883. Under *Strickland*, Mordi must establish both that his "counsel's representation fell below an objective standard of reasonableness," 466 U.S. at 688, and also "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.

Mordi has not shown that that his counsel's failure to raise claims relating to Ogundipe's credibility on direct appeal was objectively unreasonable. To satisfy *Strickland*'s performance prong, an attorney need not raise every conceivable claim on appeal, but may--and indeed, should--"winnow[] out" weaker arguments in favor of those most likely to prevail. *Franklin*, 188 F.3d at 884. Mordi's counsel raised two issues on direct appeal, the first of which challenged the jury selection process, and the second of which challenged the government's late disclosure of evidence. Because Mordi has not shown that the issue of Ogundipe's credibility was "clearly stronger" than those his counsel advanced, omission of the issue does not amount to objectively unreasonable performance. *See Mason v. Hanks*, 97 F.3d 887, 893 (7th Cir. 1996) ("[O]nly when ignored issues are clearly stronger than those

presented, will the presumption of effective assistance of counsel be overcome.")

Moreover, to the extent Ogundipe's failure to self-report for his sentence exposes Ogundipe's earlier statement that he intended to do so as a lie, Ogundipe admitted at Mordi's trial to having told numerous lies. The jury presumably considered Ogundipe's history of lying in evaluating the credibility of his testimony against Mordi. In this context, Mordi cannot reasonably claim to have been prejudiced by his counsel's failure to attack Ogundipe's credibility further as a basis for overturning Mordi's conviction on appeal, particularly since various aspects of Ogundipe's testimony were supported by additional evidence presented at trial. Accordingly, Mordi has not met either prong of *Strickland*, so ineffective assistance of counsel "does not qualify as cause to set aside the procedural default" of his first three claims. *Franklin*, 188 F.3d at 884.

Mordi's fourth claim--that his attorney was ineffective for failing to hire an independent translator and for failing to present an "alternative perpetrator" defense--also falls short under *Strickland*. On the first issue, Mordi complains that Ogundipe was allowed to manipulate the government's transcripts of telephone conversations between Ogundipe and Mordi "to conform with [Ogundipe's] efforts to frame" Mordi, and that Mordi's counsel should have hired an independent translator to expose Ogundipe's

"self-serving edits." Although Mordi cites to portions of the trial transcript that suggest Ogundipe did, indeed, make changes to certain transcripts, Mordi fails to identify any particular change, or to explain how he was prejudiced by the unidentified changes. In fact, the only examples Mordi offers of how Ogundipe "manipulated" their conversations relate not to any changes Ogundipe made to the transcripts, but rather to the manner in which Ogundipe allegedly engineered the course of the conversations themselves. Mordi goes to great lengths to explain his own, alternative interpretation of his recorded words, but he does not identify any passage as having been incorrectly translated or transcribed. Accordingly, Mordi has not shown that he was prejudiced by Ogundipe's changes, or, more to the point, by his attorney's failure to hire an independent translator to correct these changes.

Finally, Mordi asserts that his counsel was ineffective for failing to raise an "alternative perpetrator defense." As best I understand this argument, Mordi contends that his attorney should have argued that other individuals allegedly involved in the drug conspiracy were responsible for acts Ogundipe imputed to Mordi, but that Mordi chose to incriminate Mordi instead of the other individuals out of expedience resulting from Ogundipe's need to "feed the government actionable intelligence." Mordi explains that because the other individuals were outside the jurisdiction of the

6

United States, they could not be prosecuted for their role in the conspiracy (a point the government disputes as a factual matter), and that his attorney should have made this plain to the jury. This argument, arguably flawed on many levels, fails at least for the reason that Mordi cannot establish, in light of the totality of the evidence presented against him at trial, a "reasonable probability...that the result of the proceeding would have been different" has his trial attorney focused the jury's attention on the alleged role of other individuals in the drug smuggling scheme, or on Ogundipe's asserted basis for incriminating Mordi, rather than those individuals. *Strickland*, 466 U.S. at 694.

For the foregoing reasons, Mordi's § 2255 motion is denied.

**ENTER ORDER:**

_____
**Elaine E. Bucklo**
United States District Judge

Dated: December 17, 2009